Filed 3/22/16  P. v. Hogue CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080180 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04057) |
| v. | |
| BOBBY JOE HOGUE, | |
| Defendant and Appellant. | |

On July 9, 2015, defendant Bobby Joe Hogue was charged with carrying a concealed dirk or dagger on his person on or about July 7, 2015, a felony.

Defendant pled no contest to the charge in return for five years of formal probation, including 30 days in county jail.  Defendant waived referral to probation. Since there was no developed record of the facts of defendant's offense, the factual basis for the plea, as agreed by the parties, was the allegation pled in the complaint.

The trial court suspended imposition of judgment and sentence and placed defendant on five years of formal probation, with 30 days to be served in county jail.  The court awarded defendant 13 days of presentence custody credit (seven actual days and six

1

conduct days).  The court imposed a $300 restitution fine and a suspended probation revocation restitution fine in the same amount.  The court also imposed a 20 percent criminal impact fee surcharge on the base fines, a $40 court security fee, a criminal conviction assessment, and a $25 urinalysis testing fee.  The court ordered defendant to report to the Department of Revenue Recovery for a financial evaluation and determination of his ability to pay $46 per month for probation supervision.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
Robie, J.

We concur:


/s/
Nicholson, Acting P. J.


/s/
Renner, J.

2